## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALEM SALELOW,**

      **Plaintiff,**

**v.**                                    **Case No.:**

**2916 HABANA WAY OPERATIONS, LLC**
**d/b/a HABANA HEALTH CARE CENTER,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEM SALELOW ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, 2916 HABANA WAY OPERATIONS, LLC d/b/a HABANA HEALTH CARE CENTER ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages, and unpaid wages.

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

## PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida.

5.     Defendant operates a rehabilitation center in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Plaintiff was employed by Defendant as a Certified Nurse.

10.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such is subject to the individual coverage of the FLSA.

11.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

12.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13.     Defendant continues to be an "employer" within the meaning of the FLSA.

14.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing services for commerce" within the meaning of FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

2

15.     At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000.00 per year.

17.     At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's overtime provisions under 29 U.S.C. § 213.

18.     Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

20.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

21.     Plaintiff began working for Defendant as a Certified Nurse in May 2012, and she worked in this capacity until June 2016.

22.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated an

overtime premium equal to one and one-half times her regular hourly rate for all of these hours.

23.     Defendant was deducting daily break times, which Plaintiff never took, from her total of working hours.

24.     Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

25.     In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff eleven dollars and fifteen cents ($11.15) per hour.

26.     Defendant failed to pay Plaintiff all wages owed to her, including payment for the first two (2) weeks she worked for Defendant.

27.     By failing to accurately record all of the hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

28.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATIONS

29.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not properly compensated for all of these hours under the FLSA.

31.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).   As a result, Plaintiff is entitled to an amount equal to her unpaid overtime wages as liquidated damages.

32.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(b)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff , at the applicable overtime rate;

(c)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(d)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff at the applicable overtime rate, as liquidated damages;

(e)     Judgment against Defendant stating that their violations of the FLSA were willful;

(f)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(g)     A declaratory judgment stating that Defendant's practices as to

Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

(h)     All costs and attorney's fees incurred in prosecuting these claims;

and

(i)     For such further relief as this Court deems just and equitable.

**COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW**

34.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 28

of this Complaint, as though fully set forth herein.

35.     During the statutory period, Plaintiff worked for Defendant, and Defendant

agreed to pay Plaintiff for her services.

36.     Defendant failed to pay all "wages" owed to Plaintiff, including payment

for her services for the first two (2) weeks of employment.

37.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

(a)     A jury trial on all issues do triable;

(b)     That process issue, and that this Court take jurisdiction over the

case;

(c)     Judgment against Defendant for an amount equal to the unpaid

back wages of Plaintiff;

(d)     All costs and attorney's fees incurred in prosecuting these claims,

in accordance with Fla. Stat. § 448.08; and

(e)     For such further relief as this Court deems just and equitable.

6

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of September, 2016.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar No.0053643
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 379-2565
Facsimile No.: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**